## UNITED STATES v. HALLINAN.
### No. 32117-H.

United States District Court
N. D. California, S. D.

March 18, 1952.

Chauncey Tramutolo, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

George Olshausen, San Francisco, Cal., for defendant.

HARRIS, District Judge.

Vincent Hallinan has filed herein his motion for reduction of sentence in compliance with the requirements of Rule 35, Fed.Rules Crim.Proc. 18 U.S.C.A. He has also moved for a stay of execution. The United States has opposed the motion for reduction of sentence and has further opposed a stay of execution beyond the period required by defendant to appear before the Court of Appeals to present arguments on behalf of Mr. Harry Bridges.

Defendant argues that the sentence of six months imposed by the Court is out of line with sentences imposed in other contempt proceedings and accordingly should be reduced. There is no merit to such argument. The facts surrounding Mr. Hallinan's contemptuous conduct which gave rise to the sentence from which he appealed both to the Court of Appeals and the Supreme Court of the United States differ from those which gave rise to the series of decisions cited by defendant.

There is no longer doubt as to the legality of the original judgment and sentence in contempt of this Court. It has been sustained on appeal by the Court of Appeals, 182 F.2d 880, Judge Orr stating at page 887: "Complaint is made as to the severity of the sentence. It is severe. We are unable to say the Court abused its discretion in imposing it. Gross misconduct merits commensurate punishment."

Thereafter, the Supreme Court of the United States denied defendant's petition for certiorari on two occasions.[1] By dictum, in Mr. Justice Frankfurter's dissenting opinion in Sacher v. United States, U.S., 72 S.Ct. 451, 462, at pages 469, 470, the regularity and propriety of the contempt proceedings in Hallinan v. United States, 9 Cir., 182 F.2d 880, were sustained.[2]

1. 341 U.S. 952, 71 S.Ct. 1010, 95 L.Ed. 1375; Id., U.S., 72 S.Ct. 623.

2. "In Hallinan v. United States, 9 Cir., 182 F.2d 880, and MacInnis v. United

██ In view of the fact that there is no longer a legal doubt as to the correctness of the judgment and sentence in contempt, the present motion is directed to the discretion of the Court and in effect is a plea directed to the mercy of the District Court. In exercising such discretion, the Court is constrained to examine the conduct of defendant subsequent to the date sentence was imposed on November 22, 1949. The Court permitted Mr. Hallinan to remain in the case as counsel for defendant Harry Bridges upon the request of defendant Bridges and granted a stay of execution of the sentence until the termination of the trial. The following colloquy appears in the record (Tr. p. 870, 1. 8): "The Court: I have a responsibility in continuing the trial of this case. Accordingly, I ask counsel on both sides, that is, Mr. MacInnis, Mr. Hallinan, the government counsel, to compose, in the spirit of a fair trial, all differences that have heretofore existed. Let us put aside this rancor, whatever ill will may have been generated in the last 24 hours. Let us try this case like gentlemen. Let us try it like lawyers. Let us try it like Americans."

Mr. Hallinan, responding, said in part: "I consider your action, so far as the defendant is concerned, magnanimous. I do not criticize you, Judge, though I feel I may do so justly."

Such was the spirit which pervaded the scene immediately after the initial judgment and sentence of contempt.

Despite the efforts of the Court to maintain a dignified and judicial atmosphere during the course of the trial, Mr. Hallinan resumed the tactics which led to the original contempt sentence. Throughout the remainder of the trial he misconducted himself and engaged in twelve additional spe-

States, 9 Cir., 191 F.2d 157, the Court of Appeals for the Ninth Circuit affirmed convictions for contempt committed by two lawyers in a trial in the Northern District of California which lasted some twenty weeks, from November 14, 1949, to April 4, 1950. The contempt charge in the Hallinan case was for conduct which occurred during Thursday, Friday and Monday of the first two weeks of the long trial and consisted in disobedience of the court's order to limit the opening statement and the cross-examination of a Government witness. The complained-of conduct did not at all bring the judge personally into controversy. On Tuesday morning after the time necessary for preparation of the contempt certificate the judge found Hallinan in contempt and sentenced him to six months' imprisonment. On the face of the record it would require even more than the boldness of hindsight to disagree with the trial judge that he could not have reasonably believed that immediate vindication of the disobedience of the court's order was necessary to secure respect for his authority during the remainder of the trial.

"Later, on February 1, 1950, the other defense attorney—MacInnis—thus addressed the court after one of its rulings: 'I think you should cite yourself for misconduct. * * * I have never heard anything like that. You ought to be ashamed of yourself.' Soon after this remark the court recessed until the next day. After overnight consideration, the judge informed the lawyer that his remark constituted contempt and that a certificate of contempt in accordance with Rule 42 would be filed. Here again, the judge took prompt action in order, as he concluded, to assure the orderly continuance of a trial which still had many weeks to go.

"The Hallinan and MacInnis cases disprove the Government's claim that prompt citation for contempt, if the circumstances warranted it, would have caused delay, and disruption in the New York trial. In the California case Hallinan remained as defense counsel by virtue of a stay in the execution of his sentence; and MacInnis, by a postponement of his sentence until after the verdict in the principal case: MacInnis evidently abstained from further misconduct in the principal trial because of the certainty of punishment, though he did not know its magnitude. Either device was available to the trial judge in New York had he felt that only by a prompt judgment of contempt could he keep control of the proceedings. In fact he did keep order by measures short of those used in the California case. At the end of the trial the only question was whether he or another judge, not personally involved, should pass on issues of contempt that had arisen during a trial that had ended, and impose punishment if guilt was found."

cific acts of misconduct, all of which were certified to by the Court on April 4, 1950, when it adjudged Mr. Hallinan guilty of a second contempt and again sentenced him to six months, said sentence to run concurrently with that theretofore imposed.

In the light of Mr. Hallinan's behavior leading up to the particular contempt citation and sentence from which he seeks clemency; in view of his conduct subsequent to such sentence and following the conclusion of the trial itself, the Court is unable to perceive mitigating circumstances which warrant a reduction in sentence.

Accordingly, It Is Ordered that the motion for reduction of sentence be, and the same hereby is, denied.

With respect to defendant's motion for a stay of execution, the United States Attorney, through Joseph Karesh, Esq., having consented thereto, this Court has no objection to granting such a stay for the purpose of permitting Mr. Vincent Hallinan to present oral arguments on behalf of Mr. Harry Bridges in the matter this day pending before the United States Court of Appeals for the Ninth Circuit.

Accordingly, a stay of execution is granted for such limited purpose, said stay to terminate at 5 p.m. the 19th day of March, 1952.